UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                             CASE NO: 6:14-cr-211-Orl-22TBS

DAIRO CARTAGENA

    Defendant.
_____

## ORDER

This case comes before the Court on Defendant Dairo Cartagena's Amended Motion to Exceed Cap for Investigative Costs (Doc. 202). For the reasons that follow, the motion is due to be denied.

The Court previously found Defendant unable to pay the cost for his defense and appointed CJA counsel to represent him (Doc. 9). No information has come to the Court's attention suggesting that Defendant's financial condition has improved since he was found indigent. Title 18 U.S.C. § 3006A(e)(1) provides:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

Court appointed counsel may obtain investigative, expert, and other services necessary for the adequate representation of the client without prior court approval so long as the cost does not exceed $800. 18 U.S.C. § 3006A(e)(2). These expenses are

subject to later review by the Court. Id. The statute also sets maximum amounts which do not appear to be an issue in this case.

Counsel for Defendant filed a motion for leave to exceed the cap for investigative costs (Doc. 200). The Court denied the motion without prejudice because: (1) it did not contain a concise statement of the precise relief requested; (2) it did not state the pertinent facts, explain the procedural posture of the case, show that Defendant had complied with all procedural requirements to obtain the relief he was requesting, or explain why he should be excused from compliance with those requirements; and (3) Defendant's entire memorandum of law stated: "Pursuant to Rule 3.01 of the Local Rules for the Middle District of Florida, the Court has the discretion to grant a motion. Under the circumstances here, the Court should exercise its discretion and grant the motion." (Id.). In its Order, the Court said Defendant would have to explain its legal argument which does not comport with the Court's understanding of Local Rule 3.01.

With the following exceptions, the original motion and the amended motion now pending before the Court are materially identical. The original motion alleged that: "The issues involved in this instant case are vast and requires [sic] several different experts." (Doc. 200, ¶ 5). This averment is not included in the amended motion, which contains the following new allegations: "The cap for experts in this matter is $800.00. The Defendant required the services of a mitigation expert, investigator and a psychiatrist" and "The undersigned attorney is requesting to exceed the total cap by $370.00." (Doc. 202, ¶¶ 5-6).

Attached to the motion is an invoice for $648 issued by A Through Investigation (Doc. 202 at 3). The invoice states that the investigator had two meetings with Defendant, attempted to locate witnesses, and interviewed witnesses (Doc. 202 at 3).

The amount charged is under the $800 cap on services obtained without prior court authorization.  The amended motion refers (in the past tense), to a mitigation expert and psychiatrist, neither of whom is identified, and no amounts for those services are provided.  The amended motion seeks authorization to exceed the $800 cap by $370. But, counsel for Defendant has not explained who the money will be paid to or why. These defects are in addition to the deficiencies noted in the prior Order.  For all of these reasons, the Amended Motion to Exceed Cap for Investigative Costs (Doc. 202), is **DENIED without prejudice**.

    **DONE** and **ORDERED** in Orlando, Florida on February 5, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Defendant, Dairo Cartagena